1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL WINFIELD,

11          Plaintiff,                    No. 2:12-cv-2387 GGH P

12      vs.

13   RAPPOPORT, et al.,                   <u>ORDER</u> &

14          Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to

17   42 U.S.C. § 1983 and a motion to proceed in forma pauperis.

18          28 U.S.C. § 1915 permits any court of the United States to authorize the

19   commencement and prosecution of any suit without prepayment of fees by a person who submits

20   an affidavit indicating that the person is unable to pay such fees.  However,

21          [i]n no event shall a prisoner bring a civil action or appeal a
            judgment in a civil action or proceeding under this section if the
22          prisoner has, on 3 or more prior occasions, while incarcerated or
            detained in any facility, brought an action or appeal in a court of
23          the United States that was dismissed on the grounds that it is
            frivolous, malicious, or fails to state a claim upon which relief may
24          be granted, unless the prisoner is under imminent danger of serious
            physical injury.
25

26   28 U.S.C. § 1915(g).

1

1    The plain language of the statute (§ 1915(g)) makes clear that a prisoner is

2    precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought

3    three frivolous actions and/or appeals (or any combination thereof totaling three).  See

4    Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  28 U.S.C. § 1915(g) should be used to

5    deny a prisoner's in forma pauperis status only upon a determination that each action reviewed

6    (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous,

7    malicious or for failure to state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

8    Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was

9    frivolous counts as a separate strike.  Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

10   However, Adepegba qualifies that insofar as affirmance only finds no error at district court level,

11   affirmance should not count as separate strike.[1]  Id., at 387.  On the other hand, when the appeal

12   is frivolous on a separate ground, then the appeal dismissal is also a strike.   Id. at 388.  See also

13   Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002); Moran v. Sondalle, 218 F.3d 647,

14   651-52 (7th Cir. 2000) (both noting that frivolous appeals count as a strike).

15          In a recent case, Silva v. Di Vittorio, __F.3d__, 2011 WL 4436248 (9th Cir.

16   2011), the Ninth Circuit held that a district court strike was not final until an appeal had been

17   resolved.

18          The undersigned first notes that plaintiff has filed 37 cases since 1991.[2]  The

19   undersigned finds that the following actions constitute strikes under 28 U.S.C. § 1915(g):

20          Winfield v. Davis, Case No. 2:03-cv-0101 FCD PAN P - June 9, 2003 case

21   dismissed for failure to state a claim under 42 U.S.C. § 1983.

22          Winfield v. Katcher, et al., Case No. 2:03-cv-2064 GEB GGH P - June 24, 2005

23   ───────────────

24          [1] It also follows that an appellate court reversal would nullify a strike.  Adepegba v.
     Hammons, 103 F.3d at 387.

25          [2] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp.,
26   80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S.
     1126 (1981).

case dismissed for plaintiff's repeated failure to state a claim.

Winfield v. Downing, Case No. 2:06-cv-0391 GEB JFM P - March 16, 2007 case dismissed for plaintiff's failure to state a claim upon which relief may be granted.  Appeal dismissed for failure to prosecute on July 13, 2007.

Winfield v. Suliven, et al., Case No. 2:07-cv-0828 LKK EFB P - April 16, 2008 case dismissed for plaintiff's failure to state a claim.[3]

The undersigned also notes that no appeals are pending in the above cited cases and the time to file appeals has passed.

Nor is the instant case subject to the exception for plaintiff subject to "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff alleges that defendants are attempting "mental murder" by giving him psychotropic drugs and they once gave him 150 milligrams of haldol.  However, the only relief plaintiff seeks is for defendants to be prosecuted and monetary damages, nor does plaintiff describe the psychotropic drugs he objects to.

The undersigned notes that these allegations or similar allegations involving his psycotropic medication have been the basis of many of plaintiff's complaints over the last ten years against various defendants, though plaintiff has yet to be murdered by defendants due to the medication as alleged in the instant complaint.  See Winfield v. Katcher, et al., Case No. 2:03-cv-2064 GEB GGH P, Winfield v. Levy, Case No. 2:05-cv-1848 FCD CMK P, Winfield v. Downing, Case No. 2:06-cv-0391 GEB JFM P, Winfield v. White, Case No. 2:07-cv-0671 FCD DAD P, Winfield v. Suliven, et al., Case No. 2:07-cv-0828 LKK EFB P, Winfield v. Renolds, et al., Case No. 2:07-cv-2668 GEB GGH P, Winfield v. Soloman, et al., Case No. 2:08-cv-0875 WBS DAD P,  Winfield v. Soliman, et al., Case No. 2:08-cv-1343 LKK KJM P, Winfield v. Soliman, et al., Case No. 2:08-cv-1413 GEB DAD P, Winfield v. Soliman, et al., Case No. 2:08-cv-3018 LKK GGH P.  As it appears plaintiff files the same complaint any time a new defendant

[3] Plaintiff's in forma pauperis status was revoked as three strikes barred in Winfield v. Schwarzenegger, Case No. 2:09-cv-0636 JAM KJN, on January 25, 2011.

3

1  gives him medication, the undersigned does not find the allegations credible that plaintiff is in

2  imminent danger based on a prior injection of haldol or the continuance of his other psycotropic

3  medication that he fails to describe.

4       In accordance with the above, IT IS HEREBY ORDERED that a district judge be

5  assigned to this case.

6       IT IS HEREBY RECOMMENDED that plaintiff's motion to proceed in forma

7  pauperis (Doc. 2) be denied for the reasons set forth above and plaintiff shall pay the filing fee in

8  full within 28 days, if these findings and recommendations are adopted, failing which, the case be

9  ordered dismissed.

10      These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12  days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15  shall be served and filed within fourteen days after service of the objections.  The parties are

16  advised that failure to file objections within the specified time may waive the right to appeal the

17  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: October 1, 2012

19

20                          /s/ Gregory G. Hollows
              UNITED STATES MAGISTRATE JUDGE

21  GGH: AB
    wini2387.ifp

22

23

24

25

26